IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. CR05-0638 SI |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER EXCLUDING TIME UNDER |
| LEROY A. LEWIS and ) | THE SPEEDY TRIAL ACT |
| ROY A. LEWIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Now before the Court is a joint motion to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* All parties agreed in open court at the June 2, 2006 status conference that the time until the June 30, 2006 motion hearing date should be excluded from the time limits established by the Speedy Trial Act.

    In a series of rulings, the Court has previously ordered that the time from November 16, 2005 until May 19, 2006, be excluded for Speedy Trial purposes. On December 23, 2005, in a written order, the Court excluded the time for Speedy Trial purposes from November 16, 2005, the date on which the defendants began to file pretrial motions, for 60 days or until the defendants' pretrial motions were resolved, pursuant to 18 U.S.C. § 3161(h)(1)(F) and 18 U.S.C. § 3161(h)(8). On January 30, 2006, the Court issued a second written order excluding the time from January 27, 2006 to March 3, 2006, pursuant to 18 U.S.C. § 3161(h)(1)(F) and 18 U.S.C. § 3161(h)(8). On March 3, 2006, the Court held a hearing on the defendants' motions and issued its ruling thereon from the bench. At that hearing, the

1  defendants requested additional time to prepare for trial and noted that the health of defendant Leroy
2  Albert Lewis at that time did not permit him to prepare for trial.  The Court ordered that the parties
3  appear at a status conference on May 19, 2006.  All parties agreed to exclude for Speedy Trial purposes
4  the time from March 3, 2006 until May 19, 2006 and the Court so ordered from the bench pursuant to
5  18 U.S.C. § 3161(h)(8).  The Court found that the ends of justice served by the granting of the
6  continuance and allowing the defendants to adequately prepare for trial in this complex tax fraud
7  conspiracy case outweighed the best interests of the public and the defendant in a speedy trial.  The
8  cumulative result of these orders is that the Court has previously excluded the time for Speedy Trial
9  purposes from November 16, 2005 until May 19, 2006.

10  　　　On April 26, 2006, the Court ordered that the date of the status conference be continued until
11  June 2, 2006.  On June 2, 2006, the Court held a status conference.  At the status conference, defendant
12  Leroy Albert Lewis advised the Court that his health would not permit him to be ready for trial until at
13  least October 1, 2006.  Consequently, the Government moved to sever the trials of defendant Roy
14  Albert Lewis and defendant Leroy Albert Lewis.  Both defendants objected to the Government's
15  motion.  The Court ordered the parties to brief the matter and set a motion hearing date of June 30,
16  2006.  All parties agreed to exclude the time up to June 30, 2006 for Speedy Trial purposes.

17  　　　Therefore, the Court finds that the time from May 19, 2006 until June 30, 2006 is properly
18  excluded under 18 U.S.C. § 3161(h)(1)(F) to allow the Court to rule on this motion.  In the alternative,
19  the Court orders that the time period is tolled by finding that this case is "so complex . . . that it is
20  unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the
21  time limits established by" the Speedy Trial Act as provided in 18 U.S.C. § 3161(h)(8)(B).   The Court
22  also finds that the ends of justice are best served by excluding this time, and that this outweighs the
23  interest of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A).  See
24  Zedner v. United States, -- S.Ct.--, 2006 WL 1519360 (June 5, 2006).

25  　　　**IT IS SO ORDERED.**

27  Dated:_____    _____
28  　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　United States District Judge