**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ROY ALBERT LEWIS,

        Defendant.
                                /

No. CR 05-0638 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On July 18, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning July 31, 2006. All parties were represented by counsel. The following matters were resolved:

**1.** **Trial schedule**: The parties expect that the case will take 5-6 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 11:45 a.m. and a 15 minute break at 1:45 p.m., all times approximate.

**2.** **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3.** **Voir dire**: The parties may propose a jointly submitted juror questionnaire, which the Court will consider for presentation to the jury panel first thing in the morning on July 31, 2006. If that procedure is followed, voir dire questioning in the courtroom will not begin until approximately noon

that day. Otherwise, voir dire questioning will begin in the courtroom at approximately 8:30 a.m. In either event, the court will conduct some general voir dire orally, and counsel for each side shall have up to 30 minutes total to question the panel. If the parties wish to propose a jointly submitted questionnaire, it must be provided to the Court no later than Thursday, July 27, 2006.

**4.**     **Jury instructions**: The Court received separate sets of proposed jury instructions from the parties. Substantive instructions will be finalized before closing arguments. The parties are directed to provide the Court with jointly-submitted preliminary instructions, including, a short description of the two offenses charged in this case and their elements, no later than Friday, July 28, 2006.

**5.**     **Trial exhibits**:  No later than July 28, 2006, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and one set shall be provided to defendant. Defendant may also submit his trial exhibits in the same manner at that time, but is not required to do so.

**6.**     **Motions in limine**:   At the pretrial conference, defendant presented 4 motions in limine, as follows:

**1.     Defendant Roy Albert Lewis's motion to reserve the right to request additional Jencks Act material and to object to the government's exhibits**: GRANTED.

**2.     Defendant Roy Albert Lewis's motion in limine regarding the admissibility of alleged co-conspirator statements:** Defendant moves to exclude "co-conspirator acts and statements" under FRE 104(a). The government responds with a general showing of its evidence related to the existence of the Tower conspiracy and defendant's involvement in it. At oral argument, defense counsel emphasized that the basis for this objection is defendant's contention that the government has not connected defendant to the over-arching Tower conspiracy or the actions of the other Tower conspirators, thus rendering general evidence concerning the Tower conspiracy irrelevant. To this extent, defendant's motion is DENIED. The Court finds that the government's preliminary showing of defendant's actions (including the trial exhibits listed at page 3 of the government's memorandum in

opposition) is sufficient to allow admission of evidence concerning the existence and operation of the Tower conspiracy. However, this ruling is without prejudice to specific objections to specific questions at trial, and in particular to specific objections to questions seeking to elicit extrajudicial statements of co-conspirators which are offered for the truth of the matters asserted, under FRE 104(a).

**3.     Defendant Roy Albert Lewis's motion in limine to exclude the Wells Fargo Selected Suspicious Activity Report:** Defendant objects that this report was not produced timely and that it will engender "class prejudice" against defendant because it demonstrates that defendant was handling large amounts of cash and that he is a "wealthy doctor who lives in an expensive house." The government represents that it does not intend to offer this report into evidence in its case in chief, but it does intend to call a witness from Wells Fargo who will testify that defendant obtained a $650,000 mortgage on his home, which was appraised at $1,785,000, and that from May 2003 through May 2006 he made his $4,216.50 monthly payments on this mortgage in cash. The government asserts that this evidence is relevant to Count 1 of the indictment, conspiracy to defraud the US by preventing the IRS from collecting taxes, and that its probative value outweighs any prejudicial effect. The Court agrees. To the extent that payments made after the date of the indictment are referred to, the Court finds that such evidence constitutes part of the same transaction or series of transactions which form the basis of the charged conduct and, in any event, would be relevant to motive, intent, plan and absence of mistake. the motion is DENIED.

**4.     Defendant Roy Albert Lewis's motion in limine to exclude references to his alleged total income, assets and tax liability:** Defendant moves, under FRE 403, to exclude reference to the total amount of his income, assets and tax liability, and the value of (and photographs of) his residence. He contends that since the government is "not obliged to prove the exact amount of a deficiency" in proving tax evasion, it should not allowed to introduce evidence of his income or wealth, since it might prejudice him in the eyes of jurors. He reasons that he is a dentist with a stable practice, and thus his total income "is likely higher than many, if not all, of the jurors' individual annual incomes" and "his total assets may exceed those of individual jury members," so that the jurors may "perceive him as a wealthy individual and may resent him for the way he has structured his tax affairs." The government responds that defendant is charged not only with tax evasion but also conspiracy to defraud

3

the US by impairing the ability of the IRS to assess and collect his taxes. The amount of defendant's tax liability, his access to sufficient assets to pay the liability and his efforts (if any) to conceal his assets are all relevant to that charge. Further, these facts may reflect willfulness, which is a specific element of tax evasion. Finally, the government expects to prove that certain of the contractors who performed construction projects on defendant's home were paid with direct wire transfers from defendant's off-shore bank accounts; photographs of the home may assist in illuminating testimony on these matters. The Court finds under FRE 403 that all such evidence is far more probative than prejudicial. Defendant's motion is DENIED.

**7. Other matters**: Defendant has listed two expert witnesses, a psychologist and a psychiatrist, who would testify that defendant was "inherently susceptible" to tax evasion schemes and "easily convinced" by others. Plaintiff objects on a number of bases, including relevance, inadequacy of defendant's Rule 16 disclosures and unreliability of the proffered testimony. Further, plaintiff requests that if the testimony is to be allowed, its own experts be allowed to examine defendant and to review the underlying reports and data related to plaintiff. The Court finds that defendant's proposed evidence, if otherwise admissible, might be relevant to good faith/willfulness. It further finds that the current Rule 16 dislcosures are inadequate and orders that they must be supplemented by full reports no later than July 24, 2006; that defendant must make himself available for and cooperate with examination by plaintiff's two proposed experts (Drs. Hall and Levy) next week; and that all reports and related data used by defendant's experts to reach their conclusions and prepare their reports must be provided to plaintiff by July 24, 2006.

**IT IS SO ORDERED.**

Dated: July 19, 2006

_____
SUSAN ILLSTON
United States District Judge

4